# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Robert A. Adams | **Case No :** | 13−91262 − E − 7 |
| | | **Date :** | 9/26/13 |
| | | **Time :** | 10:00 |

| | | |
|---|---|---|
| **Matter :** | [31] – Motion for Relief from Automatic Stay [ASW−1] Filed by Creditor Federal National Mortgage Association (Fee Paid $176) (lbef) | UNOPPOSED |

| | |
|---|---|
| **Judge :** | Ronald H. Sargis |
| **Courtroom Deputy :** | Melinda Strandwold |
| **Reporter :** | Laura Fowler |
| **Department :** | E |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney – Joely K. Bui repr. Federal National Mortgage Association
**Respondent(s) :**
    Debtor – Robert A. Adams

MOTION was :
Denied without prejudice
See Findings of fact and conclusions of law below


Local Rule 9014−1(f)(1) Motion – No Opposition Filed.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor (pro se), Chapter 7 Trustee, and Office of the United States Trustee on August 22, 2013. By the court's calculation, 35 days' notice was provided. 28 days' notice is required.

The Motion for Relief from the Automatic Stay was properly set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014−1(f)(1)(ii) is considered to be the equivalent of a statement of nonopposition. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The court's decision is to deny the Motion for Relief from the Automatic Stay without prejudice.

Federal National Mortgage Association seeks relief from the automatic stay with respect to the real property commonly known as 13519 Skyline Boulevard, Waterford, California. The moving party has provided the Declaration of Kayo Manson−Tompkins to introduce evidence which establishes that the Debtor is no longer the owner of the property, movant having purchased the property at a pre−petition Trustee's Sale on April 22, 2013. Debtors are tenants at sufferance.

However, Movant has not provided a certified copy of the recorded Trustee's Deed Upon Sale to substantiate its claim of ownership. Furthermore, Kayo Manson−Tompkins, an associate attorney of The Wolf Firm, does not have personal knowledge of the trustee's sale in order to properly authenticate the document for the court. While authentication of the Trustee's Deed is simple, it must be done, and an attorney is not converted into a competent witness just because a client pays the attorney to do legal work.

Federal Rules of Evidence

The Federal Rules of Evidence are clear and straight forward with respect to what constitutes proper and

competent evidence. These Rules include the following.

Federal Rule of Evidence 602. Need for Personal Knowledge

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703. FN.1.
————————————————————
FN.1. Weinstein's Federal Rules of Evidence Manual 2nd Edition, Matthew Bender & Company, Inc., Article VI, § 602.02

§ 602.02 Purpose and Applicability of Rule

[1] Personal Knowledge as Most Reliable Evidence

A witness may testify only about matters on which he or she has first–hand knowledge. The witness's testimony must be based on events perceived by the witness through one of the five senses.

The Rule is an extension of the law's usual preference that decisions be based on the best evidence available, although this preference is not an actual rule of evidence. The Rule acknowledges that distortion increases with transfers of testimony, and that the most reliable testimony is obtained from a witness who has actually perceived the event.

Rule 602 permits evidence of the requisite personal knowledge to be provided either through the witness's own testimony or through extrinsic testimony. The Rule authorizes the judge to exercise some, although minimal, control over the jury by empowering the judge to reject inherently incredible testimonial evidence, something that rarely occurs (see § 602.03).
————————————————————

Federal Rule of Evidence 701. Opinion Testimony by Lay Witnesses

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FN.2.
————————————————————
FN.2. Weinstein's Federal Rules of Evidence Manual 2nd Edition, Matthew Bender & Company, Inc., Article VII, § 701.03, 701.06

§ 701.03 Requirements for Admissibility

[1] Opinion Must Be Based on Personal Perception

To be admissible, lay opinion testimony must be based on the witness's personal perception. This requirement is no more than a restatement of the traditional requirement that most witness testimony be based on first–hand knowledge or observation.

In its purest form, lay opinion testimony is based on the witness's observations of the event or situation in question and amounts to little more than a shorthand rendition of facts that the witness personally perceived. Lay opinion testimony is also admissible when the opinion is a conclusion drawn from a series of personal observations over time. Most courts have also permitted lay witnesses to testify under Rule 701 to their opinions when those opinions are based on a combination of their personal observations of the incident in question and background information they acquired through earlier personal observations....

§ 701.06 Trial Judge Has Broad Discretion to Admit or Exclude Lay Opinion Testimony

Trial courts have broad discretion in determining whether to admit or to exclude lay opinion testimony. This discretion applies both to the general decision to admit or exclude the evidence and to the subsidiary questions included in that determination:

Whether the opinion is based on the witness's personal perception.

Whether the opinion is rationally connected to the witness's personal perceptions.

Whether the opinion will assist the trier of fact in understanding the witness's testimony or in determining a fact in issue. (cont.)

Whether the probative value of the testimony outweighed its potential prejudicial effect.
------------------------------------------------------

Federal Rule of Evidence 801. Definitions That Apply to This Article; Exclusions from Hearsay

(a) Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

(b) Declarant. "Declarant" means the person who made the statement.

(c) Hearsay. "Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Federal Rule of Evidence 802. The Rule Against Hearsay

Hearsay is not admissible unless any of the following provides otherwise:

. a federal statute;
. these rules; or
. other rules prescribed by the Supreme Court.

Personal Knowledge Testimony of Counsel

Kayo Manson–Tompkins provides personal knowledge testimony relevant to the present Motion as to the following facts:

Based upon the recorded Trustee's Deed Upon Sale, and my review of all of the documents, records and files in this firm's eviction file in connection with this Debtor, on April 22, 2013, a trustee's foreclosure sale was conducted and Movant was the successful bidder at the sale, thereby acquiring title to the Premises. A Certified copy of the Trustee's Deed Upon Sale transferring title to Movant is attached as Exhibit "1"

Declaration, Dckt. 33.

A witness is one who has personal knowledge (other than an expert witness) of the facts which are to be presented to the court. The court cannot determine what, if any, of what Kayo Manson–Tompkins is testifying to is of personal knowledge and what is made up or hearsay testimony.

CONCLUSION

Therefore, the court does not have sufficient evidence before it in order to determine that the Debtor does not have an interest in the subject real property.

No other or additional relief is granted by the court.

The court shall issue a minute order.